UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21111-CIV-SIMONTON

MARTIN OMAR GARCIA, LORENZO
AMADO SALINAS, JATNIEL CASANAS
CORENT and all others similarly situated
under 29 U.S.C. 216 (B),

    Plaintiffs,
v.

ACOSTA TRACTORS INC.,
and FELIX F. ACOSTA,

    Defendants.
_____/

CASE NO.: 13-22377-CIV-SIMONTON

EUSEBLO CASANA CORDOVA,
and all others similarly situated
under 29 U.S.C. 216 (B),

    Plaintiffs,
v.

ACOSTA TRACTORS INC.,
and FELIX F. ACOSTA,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO CONSOLIDATE AND ORDER STAYING CASES PENDING RESOLUTION OF APPEAL

This matter is before the Court upon the Defendants' Motion to Re-Open Case, Lift Stay and Consolidate filed in *Garcia v. Acosta Tractors, Inc. Felix F. Acosta and Frank P. Acosta*, Case No. 12-21111-CIV-SIMONTON, ECF No. [48]. The Plaintiffs have filed a Response in opposition and the Defendants have filed a Reply, ECF Nos. [51] [53]. Also before this Court is Defendants' Renewed Motion to Re-Open Case, Lift Stay and Consolidate filed in *Cordova v. Acosta Tractors, Inc.*, *and Felix F. Acosta*, Case No. 13-

22377-CIV-SIMONTON, ECF No. [28]. The Plaintiffs in that case have also filed a response and the Defendants have filed a Reply, ECF Nos. [29] [31].

In addition, the Plaintiffs in both of the above-captioned cases have filed a Motion for Default, Jury Trial as to Damages, Sanctions, and for Miscellaneous Relief in the respective cases. (See *Garcia v. Acosta Tractors, Inc. Felix F. Acosta and Frank P. Acosta*, Case No. 12-21111-CIV-SIMONTON, ECF No. [52]; *Cordova v. Acosta Tractors, Inc., and Felix F. Acosta*, Case No. 13-22377-CIV-SIMONTON, ECF No. [30]). Those Motions have also been fully briefed.[1]

For the following reasons, the undersigned grants the Defendants' Motions to Re-Open Case, Lift Stay and Consolidate, in part. The case of *Garcia v. Acosta Tractors, Inc., Felix F. Acosta and Frank P. Acosta*, Case No. 12-21111-CIV-SIMONTON ("*Garcia*") will be consolidated with the case of *Cordova v. Acosta Tractors, Inc., and Felix F. Acosta*, Case No. 13-22377-CIV-SIMONTON, ("*Cordova*") for all future proceedings. In addition, these matters are stayed until the appeal before the Eleventh Circuit Court of Appeals in the matter of *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-FAM ("*Hernandez*") is resolved.

I. **BACKGROUND**

The *Garcia* matter was initiated when Plaintiff Martin Omar Garcia filed a two-count Complaint against Defendants Acosta Tractors Inc., Felix F. Acosta and Frank P. Acosta seeking payment of overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA"), and the payment of wages pursuant to § 22.3 Code of Miami Dade County, ECF No. [1]. In the Second Amended Complaint, filed on September 13, 2012, the Plaintiff, who had previously added Lorenzo Amado Salinas as a Plaintiff in the First Amended Complaint, added Jatniel Casanas Corent as a third Plaintiff, dropped

---

[1] On August 29, 2017, United States Magistrate Judge Jonathan Goodman transferred *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-CIV-GOODMAN to the undersigned, ECF No. [39].

the claim for unpaid wages pursuant to the Miami Dade County Code, and added a claim for retaliation in violation of 29 U.S.C. § 215(A)(3) as to Plaintiffs Garcia and Salinas, ECF No. [29]. After the case was transferred from the Honorable Patricia A. Seitz, United States District Judge, to the undersigned pursuant to the consent of the Parties, the undersigned granted the Defendants' Motion to Dismiss, Compel Arbitration and Stay Proceedings, ECF No. [43]. The case was accordingly closed and the Parties were directed to attend arbitration.

The *Cordova* matter was initiated when Plaintiff Euseblo Casanas Cordova filed a one-count Complaint against Defendants Acosta Tractors Inc., and Felix F. Acosta seeking payment of overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA"), ECF No. [1]. On October 18, 2013, following the filing of Defendants' Motion to Dismiss and/or Compel Arbitration and Stay Proceedings, the Court dismissed this case without prejudice so that the parties could litigate the matter before an arbitration panel, ECF No. [24].

Nearly three years later, the Defendants in both the *Garcia* matter and the *Cordova* matter filed Motions to Re-Open Case, Lift Stay and Consolidate seeking to consolidate those cases with the case of *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO, ("*Hernandez*"), a later-filed similar FLSA case pending before the Honorable Federico A. Moreno, United States District Judge. In the *Cordova* matter, the Motion to Re-Open Case was stricken by Magistrate Judge Goodman for failure to adequately confer, and after conferral, the Defendants filed the pending Renewed Motion to Re-Open Case, Lift Stay and Consolidate, ECF No. [28]. On August 29, 2017, Magistrate Judge Jonathan Goodman transferred *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-CIV-GOODMAN to the undersigned, ECF No. [39].

In both Motions now pending before the undersigned in the *Garcia* matter and the *Cordova* matter, the Defendants explain that although they initially moved to compel

3

arbitration, the arbitration process became overly costly thereby prompting the Defendants to request that the Court reopen those cases, lift the respective stays in the cases, and consolidate those two actions along with the case of *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-FAM, ECF No. [28].

In Response to those Motions, the Plaintiffs argued that instead of the cases being reopened and consolidated with the other similar FLSA cases, a default should be entered against the Defendants as to liability, and the matter should be tried before a jury as to damages only, due to the Defendants' failure to adequately participate in arbitration. In support of that request, Plaintiffs noted that the arbitrator in *Garcia* issued an Order Terminating Arbitration because the Defendants did not pay the arbitrator's fees in violation of the applicable rules. Thus, Plaintiffs contend that it would be appropriate for all matters to be consolidated with *Garcia,* the oldest of the three cases for purposes of a jury trial on all three matters, as to damages, only.[2]

Before Magistrate Judge Goodman ruled on the Defendants' Renewed Motion to Reopen the *Cordova* action and consolidate it with the other cases, on April 26, 2017, the Honorable Federico A. Moreno granted the Plaintiff's Renewed Motion for Default Judgment, Jury Trial as to Damages, Sanctions and for Miscellaneous Relief that had been filed in *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO, ECF No. [36]. In the Order granting that Motion, the Court stated the following:

> The Court compelled arbitration in this case at the Defendant's request. The arbitrator terminated the arbitration proceedings when Defendant ceased paying costs. Defendant claims that the cost unexpectedly escalated because Plaintiff opposed consolidation with the other cases

---

[2] Plaintiffs note that the matters of *Garcia* and *Cordova* were consolidated in arbitration but explain that the *Hernandez* matter was not consolidated at arbitration, and instead proceeded before a different arbitrator.

> *Garcia v. Acosta Tractors, Inc.*, Case No. 12-21111-CIV-
> SIMONTON and *Cordova v. Acosta Tractors, Inc.*, Case No.
> 13-22377-GOODMAN.

ECF No. [36] at 1. On June 2, 2017, Judge Moreno entered a Final Default Judgment Pursuant to 29 U.S.C. 216(b) as to Defendants Acosta Tractors Inc., Felix F. Acosta and Alex Ros, in the amount of $7,293.00, ECF No. [42]. The Defendants have now appealed that Final Judgment to the Eleventh Circuit Court of Appeals, ECF No. [44].

II. LEGAL ANALYSIS

A. *Consolidation Of Actions*

In the Motions at bar, the Defendants seek to have the matters of *Garcia* and *Cordova* consolidated.[3]

Federal Rule of Civil Procedure 42 entitled "Consolidation; Separate Trials" provides, *inter alia*, that a court may consolidate actions that involve a common question law or fact. Fed. R. Civ. P. 42 (a)(2). "A district court's decision under Rule 42(a) is purely discretionary," *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). In evaluating whether actions should be consolidated, the court must determine the following:

> [w]hether the specific risks of prejudice and possible
> confusion are overborne by the risk of inconsistent
> adjudications of common factual and legal issues, the burden
> on parties, witnesses and available judicial resources posed
> by multiple lawsuits, the length of time required to conclude
> multiple suits as against a single one, and the relative
> expense to all concerned of the single-trial, multiple-trial
> alternatives.

*Id.* (citations and quotations omitted). The undersigned concludes that the above considerations weigh in favor of consolidating *Garcia v. Acosta Tractors, Inc.*, Case No. 12-21111-CIV-SIMONTON with *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-CIV-

---

[3] The Motions also seek to consolidate the matter of *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO. Since *Hernandez* has not been transferred to the undersigned, was resolved by the entry of final judgment, and is pending on appeal, the motion is denied as moot as to *Hernandez*.

SIMONTON. These actions raise overtime wage violations under the FLSA, identify Corporate Defendant Acosta Tractors, Inc., as the relevant employer for each Plaintiff and Individual Defendant Felix F. Acosta as a corporate officer and/or owner manager of the Corporate Defendant. Further, the Parties state that these actions were consolidated for purposes of arbitration and Defendants seek to reopen both cases and restore both cases to this Court's active docket. Thus, both cases involve common questions of law and fact and resolving these matters in one proceeding will ensure consistent adjudications. Accordingly, *Garcia v. Acosta Tractors, Inc.*, Case No. 12-21111-CIV-SIMONTON is hereby consolidated with *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-CIV-SIMONTON.

B. *Stay Of Action Pending Resolution of Hernandez Appeal*

As stated above, the Defendants in *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO have filed a Notice of Appeal challenging the District Court's June 2, 2017 entry of Final Default Judgment Pursuant to 29 U.S.C. 216(b), which followed the denial of the Defendants' Motion to Reopen Case, Lift Stay and Consolidate, and the grant of the Plaintiff's Renewed Motion for Default Judgment, Jury Trial as to Damages, Sanctions and for Miscellaneous Relief. Both of those Motions were predicated upon the Defendants' purported failure to pay the assigned arbitrator's fees despite the fact that it was the Defendants who initially sought to compel the Parties to attend arbitration.

A district court has broad discretion to stay proceedings as incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). In deciding whether to stay a case, courts consider several factors including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court. *Mackiewicz v. Nationstar Mortg., LLC*,

No. 6:15–cv–465–Orl–18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015) (citation omitted). Further, federal courts have exercised their power to stay a proceeding where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

In this case, it is clear that the pending appeal related to the entry of Default Final Judgment in *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO will bear on the legal issues presented in the *Garcia* and *Cordova* matters, most significantly the Plaintiffs' Motion for Entry of Default against the Defendants for failing to pay the arbitrator's fees which resulted in the termination of arbitration. Accordingly, staying the *Garcia* and *Cordova* actions until the resolution of the appeal in *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO will simplify and clarify the issues, and reduce the burden of litigation on the parties and on the court in these actions. Accordingly, the instant actions are stayed pending the resolution of the appeal in *Hernandez*.

III. <u>CONCLUSION</u>

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Re-Open Case, Lift Stay and Consolidate filed in *Garcia v. Acosta Tractors, Inc. Felix F. Acosta and Frank P. Acosta*, Case No. 12-21111-CIV-SIMONTON, ECF No. [48], and Defendants' Renewed Motion to Re-Open Case, Lift Stay and Consolidate filed in *Cordova v. Acosta Tractors, Inc., and Felix F. Acosta*, Case No. 13-22377-CIV-SIMONTON, ECF No. [28], are GRANTED, in part. The case of *Garcia v. Acosta Tractors, Inc.*, Case No. 12-21111-CIV-SIMONTON is hereby consolidated with the case of *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-CIV-SIMONTON. It is further

ORDERED that the Clerk of Court shall consolidate civil action *Garcia v. Acosta Tractors, Inc.*, Case No. 12-21111-CIV-SIMONTON with *Cordova v. Acosta Tractors, Inc.*, Case No. 13-22377-CIV-SIMONTON. The Clerk of Court is directed to administratively close Case No. 13-22377-CIV-SIMONTON. The parties shall file pleadings, motions and other papers only in Case No. 12-21111-CIV-SIMONTON. It is further

ORDERED AND ADJUDGED that all proceedings in G*arcia v. Acosta Tractors, Inc.* and *Cordova v. Acosta Tractors, Inc.*, Consolidated Case No. 12-21111-CIV-SIMONTON shall be stayed until the resolution of the appeal in *Julio Hernandez Hernandez v. Acosta Tractors, Inc., Felix F. Acosta, Alex Ros*, 15-23486-CIV-MORENO. The Parties shall file a Motion to Reopen and Lift Stay in this action, if appropriate, within thirty days of a mandate being issued or other resolution being reached in that case. At that time, the Parties may file any appropriate motions regarding the resolution of the consolidated case.

DONE AND ORDERED in chambers in Miami, Florida, on September 20, 2017.

_Andrea M. Simonton_
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

All counsel of record